UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR WILLIAMS,

Plaintiff,

v.

CAUSE NO. 3:23-CV-110-JD-MGG

CARL KEUNZLI, KIMBERLY MYERS,

Defendants.

OPINION AND ORDER

Victor Williams, a prisoner without a lawyer, filed a complaint. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams sues Dr. Carl Keunzli and Nurse Practitioner Kimberly Myers for the treatment he received after he was diagnosed with COVID-19 on January 8, 2022. ECF 11 at 5. He alleges that after he was diagnosed, Dr. Keunzli and NP Myers quarantined him in D-Housing Unit, Cell #131, but did not otherwise treat him or have him monitored for worsening symptoms. *Id.* Two days later, he began to have difficulty breathing, severe chest pain, blurred vision, vertigo, nausea, and vomiting. *Id.* at 6. He

alleges he could not eat or stand on his own. *Id.* The emergency intercom system in his cell was not working, and all his attempts to flag down an officer were unsuccessful. *Id.* He alleges that for the next eight days, he laid in his bunk in excruciating pain, unable to move or yell for help, until on January 18, 2022, an officer noticed Williams' uneaten food trays and checked on him. *Id.* at 6-7.

The officer returned with a nurse, and Williams was immediately rushed to the hospital by ambulance. ECF 11 at 8. At the hospital, Williams was placed on oxygen and given intravenous antibiotics, blood thinners, and steroids for his heart. He alleges that his physician told him that he was suffering from three blood clots, kidney failure, and pneumonia as a result of not being treated sooner for his COVID-19 symptoms. *Id.* He remained in the hospital for eight days, and he reports he still has blood clots in his leg. *Id.* at 9. Williams alleges that the injuries would not have been as severe if he had been treated sooner for his worsening symptoms. *Id.*

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Here, Williams plausibly alleges that it was deliberate indifference for Dr. Keunzli and NP Myers to quarantine him in a cell after being diagnosed with COVID-19 without arranging for any further treatment or followup on his condition.

For these reasons, the court:

(1) GRANTS Victor Williams leave to proceed against Dr. Carl Keunzli and Nurse Practitioner Kimberly Myers in their individual capacities for compensatory and

3

punitive damages for deliberate indifference in the treatment Williams received following his COVID-19 diagnosis on January 8, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Carl Keunzli and Nurse Practitioner Kimberly Myers at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 11);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Carl Keunzli and Nurse Practitioner Kimberly Myers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 22, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT