UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR WILLIAMS,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-110-JD-MGG

CARL KEUNZLI, et al.,

    Defendants.

OPINION AND ORDER

Victor Williams, a prisoner without a lawyer, is proceeding in this case "against Dr. Carl Keunzli and Nurse Practitioner Kimberly Myers in their individual capacities for compensatory and punitive damages for deliberate indifference in the treatment Williams received following his COVID-19 diagnosis on January 8, 2022, in violation of the Eighth Amendment[.]" ECF 12 at 3-4. The defendants filed a motion for summary judgment, arguing Williams did not exhaust his administrative remedies before filing this lawsuit. ECF 19. Williams filed a response, and the defendants filed a reply. ECF 27, ECF 28. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Williams did not exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance related to the treatment he received for his January 8, 2022, COVID-19 diagnosis. ECF 21 at 5-9. In his response, Williams concedes he never submitted any relevant grievance. ECF 27. The court therefore accepts that as undisputed. Instead, Williams argues his administrative remedies were unavailable for two reasons.

First, Williams argues his administrative remedies were unavailable because he did not learn of the defendants' deliberate indifference until he was taken to the hospital on January 18, 2022, when the time to file a grievance already had expired. ECF 27 at 3-6, 13-15. However, the time to file a grievance did not expire on January 18. Rather, Williams alleged in his complaint that the defendants were deliberately indifferent for providing him no treatment between his January 8 diagnosis and his January 18 hospitalization, meaning the defendants' deliberate indifference was ongoing until at least January 18. This means Williams had ten business days starting on January 18 to submit a grievance. *See Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001) (noting that every day that the defendants had "prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment"); *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017) (applying *Heard* where plaintiff alleged ongoing injuries due to deliberate indifference to medical needs); *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act). Because Williams does not argue or provide any evidence he was unable to submit a grievance within ten business days of January 18, he has not shown he was unable to submit a timely grievance. Moreover, even accepting as true that Williams was unable to submit a timely grievance, the Offender Grievance Process provides that an inmate who is unable to submit a timely grievance can request a time limit extension to submit his grievance outside of the time frame. *See* ECF 20-2 at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the

grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review"); *Id.* at 10 ("The Offender Grievance Specialist has the discretion to consider [an untimely grievance] if there is good cause" for the untimely filing, which includes "an inability to comply for reasons outside of the offender's control"). Because Williams never took this step, this further shows he had available remedies he didn't exhaust. Thus, Williams has not shown the grievance process was unavailable because he was unable to submit a timely grievance.

Second, Williams argues his claim against the defendants was not grievable because he alleges they violated his constitutional rights, and the Offender Grievance Process lists questions of "Federal, State, and local law" as matters inappropriate to the grievance process. ECF 27 at 15-16. However, while Williams is correct the Offender Grievance Process lists questions of "Federal, State, and local law" as matters inappropriate to the grievance process, the Seventh Circuit previously has rejected Williams' expansive interpretation of this exception. *See McChristian v. Anderson*, No. 22-2697, 2023 WL 4462105, at *2 (7th Cir. July 11, 2023) (concluding the "Federal law" exception to the Offender Grievance Process only prevents an inmate from submitting a grievance challenging the validity of a Federal law, and does not prevent an inmate from submitting a grievance alleging officers violated that law). The Offender Grievance Process allows inmates to grieve "actions of individual staff," which includes the conduct at issue in this case. *See id.*; ECF 20-2 at 3; *Ross v. Blake*, 578 U.S. 632, 644

4

(2016) ("when an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion"). Therefore, Williams has not shown his claim against the defendants was not grievable.

Thus, the undisputed facts show Williams did not exhaust any relevant grievance before filing this lawsuit, and Williams has not shown his administrative remedies were unavailable. The defendants have therefore met their burden to show Williams did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 19); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Victor Williams and to close this case.

SO ORDERED on May 2, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT